**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

No. 96-31002
(Summary Calendar)

LEON A. PUISSEGUR, JR.,

Plaintiff-Appellant,

versus

UNITED STATES POSTAL SERVICE,
Marvin T. Runyon, Jr., Postmaster
General,

Defendant-Appellee.

Appeal from the United States District Court
for the Eastern District of Louisiana
(95-CV-3752-L)

February 19, 1997

Before HIGGINBOTHAM, WIENER and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

In this multi-faceted discrimination and constitutional rights deprivation case, Plaintiff-Appellant Leon A. Puissegur, Jr. appeals from the district court's dismissal of his claims against

---

[*] Pursuant to Local Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in Local Rule 47.5.4.

Defendant-Appellee, United States Postal Service, Marvin T. Runyon, Jr., Postmaster General (the Postal Service), pursuant to Fed. R. Civ. P. 12(b) and 56. Agreeing with the district court's adoption of the Report and Recommendation of the magistrate judge that Puissegur's claims for racial discrimination, unlawful retaliation, and violations of his rights under the First, Fourth, and Fifth Amendments should be dismissed, we affirm the judgment of dismissal rendered by the district court.

I

Puissegur's broadside attack on the Postal Service[1] stemmed from a single, job-related incident, which is described in his complaint, as follows:

> On December 7, 1994, at approximately 5:30 a.m., MDO Watson and MDO Parks told plaintiff his hat offended someone. MDO Watson asked plaintiff to remove his hat. Plaintiff told Watson that he would not remove his hat. Watson then escorted Plaintiff off the workroom floor segregated him to a maintenance supervisor and instructed the supervisor to keep plaintiff off the workroom floor until Plaintiff removed his hat.

At the time of that incident, Puissegur, a white male, was wearing the hat that sparked the controversy; it bore the legend, "I Can't Be Fired, Slaves Have to Be Sold." Puissegur characterizes the incident as an adverse employment action and, by vague implication from allegations that black employees were

---

[1] Puissegur originally sued four individual employees of the Postal Service as well, but voluntarily dismissed those defendants early in the course of the instant litigation.

allowed to wear shirts and hats depicting Malcolm X and black power, suggests the presence of racial overtones behind the controversy over his hat.

## II

We resist the temptation to dispose of this appeal by dismissing it as frivolous on the gross inadequacy of Puissegur's appellate brief:  Its identification of interested persons is incomplete; it cites but a single court case, and even that one is from another circuit,[2] plus five statutes,[3] and two Federal Rules of Civil Procedure;[4] it lists four conclusionary issues or errors ascribed to the district court; and it otherwise consists of but four and one-half pages of "substance": two pages containing the Statement of the Case, one-half page containing the Conclusion, and the remaining two pages containing the entire Summary of Argument and Argument.  Moreover, even these two pages consist of nothing more than the conclusionary statement that removal of Puissegur from the workroom floor until he removed his cap violated several of his constitutional and statutory rights, coupled with a third regurgitation of the scant facts concerning the hat, its legend, his removal from the workroom floor, and the caps and shirts worn

---

[2]  APWU v. U. S. Postal Service, 830 F.2d 294 (D.C. Cir. 1987).

[3]  28 U.S.C. § 1291; 42 U.S.C. §§ 1981, 1983, and 1985; and 42 U.S.C. § 2000e, et seq.

[4]  Fed. R. Civ. P. 12(b) and 56.

by black employees of the Postal Service.[5]

This skeletal filing on behalf of Puissegur is entirely worthless from the standpoint of advancing his appeal or assisting this court in its deliberations. In addition to taking the title "Brief" to new extremes as to both form and substance, this document fails to meet the spirit if not the letter of the Federal Rules of Appellate Procedure and the Local Rules of this court regarding the content of a brief, its purpose and function in the appellate process, and the results — waiver and abandonment — of failure to meet the requirements.

Rather than dismissing this appeal on grounds of waiver or abandonment through failure adequately to brief the party's arguments and support them with meaningful authorities, however, we chose to affirm the judgment of the district court for the reasons cogently and thoroughly set forth in the Report and Recommendation of the magistrate judge. In contrast to Puissegur's appellate brief, the Report and Recommendation of the magistrate judge is a well-crafted legal writing that systematically addresses each of Puissegur's contentions and the law applicable to each, seriatim, until each and every claim is shown to be unmeritorious. For us to write further on this case would be a waste of judicial resources, so instead we adopt the Report and Recommendation of the magistrate

---

[5] These facts appear first in Puissegur's STATEMENT REGARDING ORAL ARGUMENT, second in his Statement of the Facts, and third in the first of his three paragraphs that constitute his entire ARGUMENT.

judge as though fully written herein, and affirm the judgment of the district court based thereon, dismissing Puissegur's action.[6]

### III

In closing we caution Puissegur and his counsel that baseless and therefore frivolous suits and equally frivolous appeals can and do subject parties and their lawyers to sanctions. The instant case could well serve as an illustration of sanctionable litigation; but as the Postal Service has not urged the imposition of sanctions, we shall refrain from doing so on our own motion.

AFFIRMED.

---

[6] As one small exception to refraining from writing further, we note ever so briefly that we recognize, as a matter of law, that legends, symbols, logos, pins, and other verbal and non-verbal accoutrement on articles of clothing can and frequently do constitute "speech" and some even rise to the level of constitutionally protected speech. Here, though, we can discern no intended meaning from the cryptic statement on Puissegur's hat; neither has he favored us with any explanation of the meaning of the phrase or how it can garner First Amendment protection. Clearly not all speech is public, protected speech, and neither the subject statement nor anything in Puissegur's pleadings or appellate brief shed light on this issue.